**Major Singh KALER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73214.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

---

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Timothy E. Curley, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Major Singh Kaler, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review factual findings for substantial evidence and questions of law de novo, *Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc), and we deny the petition in part and grant in part and remand.

Substantial evidence supports the IJ's denial of CAT relief because Kaler did not establish that it is more likely than not that he will be tortured if he returns to India. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1139 (9th Cir.2004).

The IJ found most of Kaler's testimony credible, but found that (1) Kaler's testimony that he was arrested twice because of his political activities was implausible in light of the Country Reports, and (2) Kaler should have provided more detailed corroborating evidence regarding these two arrests. Substantial evidence does not support these findings. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1143–44 (9th Cir.2005) (holding that the agency may not use general statements from a country report to discredit a petitioner's specific testimony); *Guo v. Ashcroft,* 361 F.3d 1194, 1200–01 (9th Cir.2004) (holding that corroborating evidence is not required to establish a petitioner's credibility).

The IJ also found that Kaler failed to establish a nexus between his four arrests and a protected ground. Substantial

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence does not support this finding because Kaler's unrefuted testimony that his four arrests and multiple beatings were motivated by the belief that he was involved in militant activities "describes a classic example of imputed political opinion." *See Singh v. Ilchert,* 63 F.3d 1501, 1509 (9th Cir.1995). Past persecution on account of a protected ground is thus established. *See id.*

▮ The IJ found that Kaler could relocate; however, that finding was not supported by substantial evidence. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003).

We grant the petition on asylum and withholding of removal and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**DENIED in part; GRANTED in part and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.